2022 IL App (4th) 210752

NO. 4-21-0752

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 9, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| EURON MATTHEWS, | ) | No. 17CF74 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Amy C. Lannerd, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Steigmann and Bridges[1] concurred in the judgment and opinion.

**OPINION**

¶ 1      In the instant case, defendant, Euron Matthews, was convicted of being an armed

habitual criminal (AHC) and aggravated discharge of a firearm. The trial court imposed

consecutive sentences of 22 years' imprisonment for AHC and 15 years' imprisonment for

aggravated discharge of a firearm. On direct appeal, we affirmed the judgment of the trial court.

*People v. Matthews*, 2020 IL App (4th) 170782-U, ¶ 70. Thereafter, defendant filed a *pro se*

postconviction petition, which was summarily dismissed.

---

[1] Justice George Bridges participated in this appeal but has since retired. Our supreme court has
held that the departure of a judge prior to the filing date will not affect the validity of a decision so
long as the remaining two judges concur. *Proctor v. Upjohn Co.*, 175 Ill. 2d 394, 396 (1997).

¶ 2        Defendant now appeals the summary dismissal of his postconviction petition, arguing (1) his prior convictions for unlawful use of weapons (UUW) in Will County case Nos. 90-CF-1445 and 92-CF-3211 are void *ab initio* and should be vacated, (2) his two prior convictions for unlawful use of a weapon by a felon (UUWF) in Will County case No. 94-CF-2443 should be vacated because they were based on one of his void UUW convictions, (3) his conviction for AHC in the instant case should be vacated because it is predicated on a void UUWF conviction, (4) his sentence for aggravated discharge of a firearm should be vacated and the matter remanded for resentencing because the trial court erroneously considered his void UUW convictions in aggravation, and (5) the trial court erred in summarily dismissing his *pro se* postconviction petition because he raised an arguable claim that his trial counsel was ineffective for failing to investigate a witness and call her to testify. We affirm in part and vacate in part.

¶ 3                                I. BACKGROUND

¶ 4        In the instant case, defendant was charged with AHC (720 ILCS 5/24-1.7(a)(1) (West 2016)) in that he possessed a firearm after having been convicted of (1) UUWF in Will County case No. 13-CF-1670, (2) unlawful possession of a controlled substance with intent to deliver (a Class 1 felony) in Will County case No. 92-CF-3211, and (3) UUWF in Will County case No. 94-CF-2443. Defendant was also charged with aggravated discharge of a firearm (*id.* § 24-1.2(a)(1)).

¶ 5        The matter proceeded to a jury trial. The State presented evidence that, on the night of the incident, police officers were dispatched to the scene of a motor vehicle collision. One of the vehicles involved had damage consistent with being struck by bullets. Police officers obtained surveillance video footage of the scene, which showed an individual in the yard of a nearby residence with a gun in his hand. The individual began shooting toward a vehicle driving

- 2 -

past the residence, and the vehicle crashed into a parked car. Two law enforcement officers who viewed the surveillance video identified defendant as the shooter. They were familiar with defendant based on numerous prior contacts. A photograph of defendant posted on Facebook approximately 13 days after the shooting, a photograph of defendant taken at the time of his arrest, and still frames of the shooter from the surveillance video footage were admitted into evidence and published to the jury.

¶ 6        The State offered certified copies of defendant's convictions for (1) UUWF in Will County case No. 13-CF-1670, (2) unlawful possession of a controlled substance with intent to deliver (a Class 1 felony) in Will County case No. 92-CF-3211, and (3) UUWF in Will County case No. 94-CF-2443. Outside the presence of the jury, defense counsel objected to the admission of the certified copy of defendant's conviction for unlawful possession of a controlled substance with intent to deliver in Will County case No. 92-CF-3211. Counsel stated defendant had indicated he was convicted of possession of a controlled substance rather than possession with intent to deliver in that case, but counsel did not have anything to "back it up" other than what defendant had told him. The prosecutor stated that, even if defendant was correct about his conviction in Will County case No. 92-CF-3211, the State was only required to prove two predicate convictions for AHC and it had evidence of three. The State indicated that evidence of the other two predicate convictions would satisfy the elements of AHC even without the conviction for unlawful possession of a controlled substance with intent to deliver. Over defendant's objection, the court admitted certified copies of all three convictions.

¶ 7        Defendant called Terance McKenzie and Ebony Lee as witnesses. McKenzie testified he was driving the vehicle that was shot at during the incident. While he was driving, he noticed Felicia French and some other individuals in the street. He saw flashes of gunfire and

- 3 -

observed French with a gun in her hand. He did not see French shoot at his vehicle, but he assumed she was the shooter. On cross-examination, after viewing portions of the surveillance footage, McKenzie stated it was not French who shot at his vehicle.

¶ 8 Lee testified that she lived in the neighborhood where the incident occurred. She heard a gunshot on the night of the incident, looked out her bedroom window, and observed French shooting at a car as it drove past. After viewing the surveillance footage, Lee agreed it depicted a person who was not French shooting a gun at a car. However, she maintained she had seen French shoot at the car on the night of the incident.

¶ 9 The jury found defendant guilty of AHC and aggravated discharge of a firearm.

¶ 10 Defendant, *pro se*, filed a posttrial motion arguing, *inter alia*, that the State did not prove him guilty of AHC because he was never convicted of unlawful possession of a controlled substance with intent to deliver in Will County case No. 92-CF-9211. Defendant attached a docket sheet from Will County case No. 92-CF-9211, which indicated he had originally been charged with possession of a controlled substance with intent to deliver. The docket sheet showed the State later requested that this charge be amended to unlawful possession of a controlled substance, a Class 4 felony, and defendant pled guilty to unlawful possession of a controlled substance.

¶ 11 The trial court denied defendant's posttrial motion, finding that, even if defendant was correct in stating that he was not convicted of unlawful possession of a controlled substance with intent to deliver in Will County case No. 92-CF-9211, his two prior convictions for UUWF supported his conviction for AHC.

¶ 12 The trial court imposed consecutive sentences of 22 years' imprisonment for AHC and 15 years' imprisonment for aggravated discharge of a firearm. In announcing its

sentence, the court noted defendant had an extensive criminal history and specifically noted defendant had two prior convictions for UUW.

¶ 13    On direct appeal, we affirmed the judgment of the trial court. *Matthews*, 2020 IL App (4th) 170782-U, ¶ 70. Defendant argued, *inter alia*, that the State failed to prove him guilty beyond a reasonable doubt of AHC because he was never convicted of unlawful possession of a controlled substance with intent to deliver and the State's evidence indicating otherwise was incorrect. *Id.* ¶ 36. We held that any error in admitting defendant's conviction for unlawful possession of a controlled substance with intent to deliver was harmless because the State presented evidence of two other qualifying predicate felony convictions for AHC, which were sufficient to satisfy the elements of the offense of AHC even without the challenged drug conviction. *Id.* ¶¶ 40-41.

¶ 14    On May 26, 2021, defendant filed a motion for an extension of time to file his postconviction petition. Defendant alleged he had contracted COVID-19, his prison was on partial lockdown to slow the spread of COVID-19, and it sometimes took "a while" to get to the law library due to the lockdown. Defendant stated: "At the pace that it is going, I will not be able to finish a brief for my post-conviction the way it need[s] to be done." Defendant also alleged he was trying to obtain legal counsel. Defendant attached to his motion a copy of test results indicating he had tested positive for COVID-19 in December 2020.

¶ 15    On June 4, 2021, the trial court entered an order indicating it was taking no action on defendant's motion for an extension of time at that time but would further consider the matter if defendant filed a postconviction petition.

¶ 16    On September 2, 2021, defendant, *pro se*, filed a postconviction petition alleging two claims of ineffective assistance of counsel, including a claim that trial counsel was

ineffective for failing to investigate French or call her as a witness. The petition alleged that French told defendant she had told police officers he could not have shot the victim because he was not at the scene of the shooting. French told defendant she would testify regarding these statements at his trial. Defendant told his counsel French was willing to testify about this, and he gave counsel her address and other locations where she could be found. Counsel advised defendant that he left his card at French's residence but that she never called him back. After defendant's trial, French told him she had not been contacted by counsel and that no one had left a card at her residence. Defendant alleged French's testimony would have changed the outcome of the trial because she would have been a key witness and her testimony had the potential to establish his innocence.

¶ 17    The petition stated defendant was "currently in the process of retrieving" French's affidavit and intended to produce it before the petition was decided on its merits. Defendant also submitted an affidavit stating he was unable to obtain French's affidavit before he filed his petition but that he was "in the process of obtaining [it]" and he intended to submit it before second-stage proceedings.

¶ 18    In the postconviction petition, defendant asserted he believed the petition was timely filed. Defendant contended that, in the event the trial court found the petition to be untimely, the court should find it was not due to defendant's culpable negligence because he had contracted COVID-19. Defendant cited his motion for an extension of time and his COVID-19 test results from December 2020 in support of this claim, which he attached to the petition as exhibits.

¶ 19    The trial court summarily dismissed defendant's postconviction petition, finding that "the Defendant raised the issue of ineffective assistance of counsel on his direct appeal" and was "now barred from advancing such a claim at this stage." This appeal followed.

¶ 20                        II. ANALYSIS

¶ 21    On appeal, defendant argues (1) his prior convictions for UUW in Will County case Nos. 90-CF-1445 and 92-CF-3211 are void *ab initio* and should be vacated, (2) his two prior convictions for UUWF in Will County case No. 94-CF-2443 should be vacated because they were based on one of his void UUW convictions, (3) his conviction for AHC in the instant case should be vacated because it is predicated on his void UUWF conviction in Will County case No. 94-CF-2443, (4) his sentence for aggravated discharge of a firearm should be vacated and the matter should be remanded for resentencing because the trial court erroneously considered his void UUW convictions in aggravation, and (5) the trial court erred in summarily dismissing his *pro se* postconviction petition because he raised an arguable claim that his trial counsel was ineffective for failing to investigate French as a potential witness and failing to call her to testify.

¶ 22                   A. Prior Convictions for UUW

¶ 23    We first consider defendant's argument that his two convictions for UUW in Will County case Nos. 90-CF-1445 and 92-CF-3211 are void *ab initio* because they were based on statutes that were facially unconstitutional.

¶ 24    Initially, we note defendant did not raise this issue in his *pro se* postconviction petition. Generally, where a defendant fails to raise an issue in a postconviction petition, the defendant may not raise the issue for the first time on review from a dismissal of the petition. *People v. Jones*, 211 Ill. 2d 140, 148 (2004). However, "under Illinois law, there is no fixed

procedural mechanism or forum, nor is there any temporal limitation governing when a void *ab initio* challenge may be asserted." *In re N.G.*, 2018 IL 121939, ¶ 57. Voidness challenges are not subject to forfeiture or any other procedural bar, and such challenges may be raised "at any time in any court." *Id.* "[I]t is sufficient if a person subject to a conviction premised on a facially invalid statute raises his or her challenge through an appropriate pleading in a court possessing jurisdiction over the parties and the case." *Id.* Accordingly, we may address defendant's voidness claims concerning his UUW convictions in this appeal.

¶ 25        In *Moore v. Madigan*, 702 F.3d 933, 934, 942 (7th Cir. 2012), the United States Court of Appeals for the Seventh Circuit held that portions of the Illinois statutes for UUW and aggravated unlawful use of a weapon (AUUW)—namely, sections 24-1(a)(4) and (a)(10) of the Criminal Code of 1961 (Code) (720 ILCS 5/24-1(a)(4), (10) (West 2010)) and section 24-1.6(a) of the Code (*id.* § 24-1.6(a))—violated the second amendment to the United States Constitution. The *Moore* court found these statutes constituted a "flat ban on carrying ready-to-use guns outside the home." *Moore*, 702 F.3d at 940. The *Moore* court noted the United States Supreme Court had held that the second amendment included the right to bear arms for self-defense, and the *Moore* court found this right was "as important outside the home as inside." *Id.* at 942.

¶ 26        Subsequently, in *People v. Aguilar*, 2013 IL 112116, ¶ 20, the Illinois Supreme Court agreed with the analysis in *Moore* and its holding that the second amendment right to keep and bear arms extended beyond the home. Accordingly, the *Aguilar* court held that the Class 4 form of AUUW as set forth in section 24-1.6(a)(1), (a)(3)(A), (d) of the Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2008)) was facially unconstitutional because it constituted a comprehensive ban on possessing and using firearms for self-defense outside of the home. *Aguilar*, 2013 IL 112116, ¶¶ 21-22.

¶ 27        Later, in *People v. Gamez*, 2017 IL App (1st) 151630, ¶ 11, the First District appellate court held that the 1996 UUW statute under which the defendant was convicted (720 ILCS 5/24-1(a)(4) (West 1996)) was facially unconstitutional because it contained the same essential elements as the 2010 UUW statute and the 2008 AUUW statute held to be unconstitutional in *Moore* and *Aguilar*. The 1996 UUW statute at issue in *Gamez* provided:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:

> * * *

> (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm[.]" *Id.*

The *Gamez* court found this statute constituted an even broader ban than the statutes that had previously been found to be unconstitutional in *Moore* and *Aguilar*. *Gamez*, 2017 IL App (1st) 151630, ¶ 11.

¶ 28        *1. UUW Conviction in Will County Case No. 90-CF-1445*

¶ 29        Defendant argues his conviction for UUW in Will County case No. 90-CF-1445 is void *ab initio* because the UUW statute under which he was convicted was facially unconstitutional pursuant to the holding in *Gamez*. The State concedes this conviction is based on a facially unconstitutional statute and must be vacated.

¶ 30        We have allowed defendant's motion to take judicial notice of the following documents filed in Will County case No. 90-CF-1445: (1) the criminal complaint filed on April 19, 1990, (2) the information filed on May 14, 1990, and (3) a certified statement of conviction. The charging documents show defendant was charged with UUW (Ill. Rev. Stat. 1989, ch. 38,

¶ 24-1) in that he knowingly carried, concealed in a motor vehicle, a gun, at a time when he was not on his own land or in his own abode or fixed place of business. The certified statement of conviction reflects defendant pled guilty to UUW in that case and was sentenced to 12 months' probation.

¶ 31       The version of the UUW statute under which defendant was convicted in Will County case No. 90-CF-1445 provided, in relevant part:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> * * *
>
>> (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm[.]" Ill. Rev. Stat. 1989, ch. 38, ¶ 24-1(a)(4).

¶ 32       After reviewing the above-mentioned documentation in Will County case No. 90-CF-1445, we accept the State's concession that defendant's UUW conviction in that case is void *ab initio*. The section of the UUW statute under which defendant was convicted (*id.*) contained identical language to the version that was held to be facially unconstitutional in *Gamez*, 2017 IL App (1st) 151630, ¶ 11.

¶ 33              *2. UUW Conviction in Will County Case No. 92-CF-3211*

¶ 34       Next, defendant argues his conviction for UUW in Will County case No. 92-CF-3211 is void *ab initio* because the statute under which he was convicted is facially unconstitutional based on the holding in *Gamez*. The State again concedes this conviction is based on a facially unconstitutional statute and must be vacated.

- 10 -

¶ 35 We have allowed defendant's motion to take judicial notice of the following documents filed in Will County case No. 92-CF-3211: (1) the information filed on September 23, 1992, and (2) the mittimus dated January 19, 1993. The information indicates defendant was charged with (1) unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56½, ¶ 1402(c)) (a Class 4 felony), (2) UUW (Ill. Rev. Stat. 1991, ch. 38, ¶ 24-1(a)(4)), and (3) possession of a firearm without a Firearm Owner's Identification card (*id.* ¶ 83-2). Regarding the offense of UUW, the information alleged defendant, after having previously been convicted of UUW in Will County case No. 90-CF-1445, knowingly carried on his person a gun, at a time when he was not on his land or in his own abode or fixed place of business. The mittimus reflects defendant pled guilty to unlawful possession of a controlled substance and UUW and was sentenced to concurrent terms of two years' imprisonment on each offense.

¶ 36 The version of the UUW statute under which defendant was convicted in Will County case No. 92-CF-3211 provided, in relevant part:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> * * *
>
> (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm[.]" Ill. Rev. Stat. 1991, ch. 38, ¶ 24-1(a)(4).

¶ 37 After reviewing the documentation submitted by defendant, we accept the State's concession that the UUW conviction in Will County case No. 92-CF-3211 is void *ab initio*. The section of the UUW statute under which defendant was convicted (*id.*) contained identical

- 11 -

language to the version that was held to be facially unconstitutional in *Gamez*, 2017 IL App (1st) 151630, ¶ 11.

¶ 38     B. UUWF Convictions in Will County Case No. 94-CF-2443

¶ 39     Defendant next argues his convictions for UUWF in Will County case No. 94-CF-2443 are void because they were predicated on his void conviction for UUW in Will County case No. 92-CF-3211. The State agrees that defendant's prior UUWF convictions must be vacated.

¶ 40     We have allowed defendant's motion to take judicial notice of the following documents filed in Will County case No. 94-CF-2443: (1) the information, (2) the mittimus, and (3) a portion of the jury trial transcript. The information indicates defendant was charged with two counts of UUWF (720 ILCS 5/24-1.1(a) (West 1994)) in that he, after having been previously convicted of UUW in Will County case No. 92-CF-3211, knowingly possessed a handgun and firearm ammunition, respectively. The information originally alleged defendant had also been previously convicted of the felony offense of unlawful possession of a controlled substance in Will County case No. 92-CF-3211, but the portion of the information concerning that conviction was lined out. The transcript showed defendant objected prior to the commencement of the trial to the State presenting evidence he had been convicted of multiple prior felonies, and the State elected to proceed with only the UUW conviction as the predicate felony for the UUWF charges. The mittimus reflects defendant was found guilty of both counts of UUWF, and the court imposed concurrent sentences of four years' imprisonment on each count.

¶ 41     Defendant did not challenge the validity of his UUWF convictions in Will County Case No. 94-CF-2443 in his *pro se* postconviction petition, which would normally preclude us from reaching the issue in this appeal. See *Jones*, 211 Ill. 2d at 148. However, as noted, we may

reach the issue because defendant argues his UUWF convictions are void, and a voidness challenge may be raised at any time in any court. See *N.G.*, 2018 IL 121939, ¶ 57.

¶ 42　　　　　Our supreme court has held that "a judgment based on a statute that is facially unconstitutional is void." *Id.* ¶ 43. Convictions resulting from facially unconstitutional statutes "can give rise to no criminal status nor create any legal impediment, for the state had no authority, and the courts never acquired jurisdiction, to impose punishment under such laws to begin with." *Id.* ¶ 73. "[A] facially unconstitutional statute and any conviction based on the statute must be treated as if they *never existed*." (Emphasis in original.) *Id.* ¶ 74. Accordingly, using such a conviction against a defendant in any subsequent proceeding would be conceptually impossible and "would subvert the very constitutional protections that resulted in the statute being found facially invalid to begin with and is incompatible with the United States Supreme Court's command that when *** the conduct penalized by a statute is constitutionally immune from punishment, that determination must be given complete retroactive effect." *Id.*

¶ 43　　　　　We find defendant's convictions for UUWF in Will County case No. 94-CF-2443 are void and must be vacated. These convictions were predicated on defendant's prior conviction for UUW in Will County case No. 92-CF-3211, which we have held is void *ab initio*. *Supra* ¶ 37. Because defendant's UUW conviction was void *ab initio*, it could "give rise to no criminal status nor create any legal impediment" (*N.G.*, 2018 IL 121939, ¶ 73) in subsequent proceedings. While the UUWF statute itself was not invalid, defendant's convictions for UUWF in Will County case No. 94-CF-2443 derived from a facially unconstitutional statute—and were consequently void—because they were predicated on his void *ab initio* conviction for UUW in Will County case No. 92-CF-3211. See *id.* ¶ 43; *People v. Cross*, 2019 IL App (1st) 162108,

- 13 -

¶ 187 (holding that, based on the holding in *N.G.*, the defendant's prior conviction for UUWF must be vacated because it was based on his void *ab initio* AUUW conviction).

¶ 44                                    C. AHC Conviction

¶ 45          Defendant argues that his conviction for AHC in the instant case is void and should be vacated because it was premised on one of his void convictions for UUWF in Will County case No. 94-CF-2443. Defendant contends that, without this void UUWF conviction, he did not have the requisite predicate convictions to qualify as an armed habitual criminal because one of the two other predicate convictions alleged by the State—namely, a drug conviction from Will County case No. 92-CF-3211—was not a qualifying predicate conviction.

¶ 46          Again, defendant did not raise this claim in his *pro se* postconviction petition, which would normally preclude us from addressing this issue. See *Jones*, 211 Ill. 2d at 148. However, we may reach this issue because defendant argues his AHC conviction is void, and a voidness challenge may be raised at any time in any court. See *N.G.*, 2018 IL 121939, ¶ 57.

¶ 47          The AHC statute under which defendant was convicted provided:

"(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child ***; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm ***; or

- 14 -

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7(a) (West 2016).

¶ 48   In charging defendant with AHC in the instant case, the State alleged defendant committed the following predicate offenses: (1) UUWF in Will County case No. 13-CF-1670, (2) unlawful possession of a controlled substance with intent to deliver in Will County case No. 92-CF-3211 (a Class 1 felony), and (3) UUWF in Will County case No. 94-CF-2443. We have taken judicial notice of documents from Will County case No. 92-CF-3211, which show defendant was not convicted of unlawful possession of a controlled substance with intent to deliver in that case but rather was convicted of unlawful possession of a controlled substance, a Class 4 felony. Defendant has also supplemented the record with a transcript of the guilty plea hearing from Will County case No. 92-CF-3211, which establishes he pled guilty to unlawful possession of a controlled substance, a Class 4 felony, rather than unlawful possession of a controlled substance with intent to deliver. Because defendant's conviction for unlawful possession of a controlled substance in Will County case No. 92-CF-3211 was not punishable as a Class 3 felony or higher, it was not a qualifying predicate conviction for AHC pursuant to section 24-1.7(a)(3) of the Criminal Code of 2012 (*id.* § 24-1.7(a)(3)).

¶ 49   Because defendant did not actually have a prior conviction for unlawful possession of a controlled substance with intent to deliver in Will County case No. 92-CF-3211, his conviction for AHC in the instant case could only have been predicated upon his convictions for UUWF in Will County case Nos. 13-CF-1670 and 94-CF-2443. However, as we previously discussed, defendant's convictions for UUWF in Will County case No. 94-CF-2443 derived from his void UUW conviction, and accordingly, they are void. *Supra* ¶ 43. Similarly, defendant's

AHC conviction is void because it derived from his void conviction for UUWF in Will County case No. 94-CF-2443. Although the AHC statute itself is not invalid, defendant's AHC conviction derived from a facially unconstitutional statute because it was predicated on one of his void convictions for UUWF in Will County case No. 94-CF-2443, which were predicated on defendant's void *ab initio* conviction for UUW in Will County case No. 92-CF-3211.

¶ 50       In reaching our holding, we reject the State's argument that defendant's challenge to his AHC conviction is a challenge to the sufficiency of the evidence, which may not be raised in postconviction proceedings. Specifically, the State argues that, because it produced evidence at trial of three qualifying predicate offenses for AHC when it was only necessary to prove two, the invalidity of the UUWF conviction in Will County case No. 94-CF-2443 cannot affect the validity of the AHC conviction. The State argues that defendant's claim his drug conviction in Will County case No. 92-CF-3211 was not a proper predicate conviction is not properly before this court because it was not raised in defendant's postconviction petition and was previously considered on direct appeal.

¶ 51       We find defendant's claim concerning his AHC conviction is not a challenge to the sufficiency of the evidence but rather a claim that his AHC conviction is void because it derived from a void conviction for UUWF. Defendant's argument that his drug conviction in Will County case No. 92-CF-3211 was not a proper predicate offense for AHC is integral to his argument that his AHC conviction must be vacated because it was premised on his void UUWF conviction in Will County case No. 94-CF-2443. Defendant did not raise an argument on direct appeal that his AHC conviction was premised on a void conviction, and as we have noted, a voidness challenge may be raised at any time in any court. See *N.G.*, 2018 IL 121939, ¶ 57.

¶ 52       D. Sentence for Aggravated Discharge of a Firearm

¶ 53        Defendant contends his sentence for aggravated discharge of a firearm in the instant case is void because the trial court erroneously considered his void UUW convictions in Will County case Nos. 90-CF-1445 and 92-CF-3211 in aggravation at sentencing. Defendant argues his sentence must be vacated and the matter remanded for resentencing.

¶ 54        Defendant did not raise this claim in his *pro se* postconviction petition. Generally, a defendant may not raise an issue for the first time on appeal from the dismissal of a postconviction petition. *Jones*, 211 Ill. 2d at 148. Our supreme court has held that we are "not free *** to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition." *People v. Jones*, 213 Ill. 2d 498, 508 (2004). An exception to this rule exists when a defendant asserts a voidness challenge, which may be raised at any time in any court and is not subject to forfeiture. See *N.G.*, 2018 IL 121939, ¶ 57. A judgment will be deemed void only where (1) the court entering the judgment lacked personal or subject-matter jurisdiction or (2) the judgment was based on a facially unconstitutional statute. *People v. Price*, 2016 IL 118613, ¶ 31.

¶ 55        In the instant case, defendant's conviction for aggravated discharge of a firearm was not void. Defendant does not argue that the trial court lacked personal or subject-matter jurisdiction in sentencing him. Moreover, defendant's conviction for aggravated discharge of a firearm was not based on a facially unconstitutional statute. Defendant does not argue that the aggravated discharge of a firearm statute under which he was convicted was void, and his conviction for aggravated discharge of a firearm was not predicated on a void *ab initio* conviction.

¶ 56        While "a void prior conviction is incompetent evidence at sentencing" (*People v. Bridges*, 2020 IL App (1st) 170129, ¶ 38), the erroneous consideration of such evidence does not

render a sentence void. In fact, such a sentence may be affirmed in some circumstances—namely, if the record reflects that the sentencing court's reliance on the void conviction was so insignificant that it did not result in a greater sentence. See *id.* ¶¶ 38-39 (affirming the defendant's sentence for armed robbery where the record clearly established that the defendant's void AUUW conviction did not affect the trial court's sentencing decision); *People v. Alexander*, 2019 IL App (3d) 170168, ¶ 40 (remanding for resentencing where it was not clear to what extent the trial court considered the defendant's void AUUW conviction during sentencing).

¶ 57        We reject defendant's assertion that *Alexander*, 2019 IL App (3d) 170168, and *Cross*, 2019 IL App (1st) 162108, support a finding that his sentence is void. While *Alexander* and *Cross* support the proposition that consideration of a void conviction during sentencing is *erroneous*, neither case held that such an error renders the sentence *void*. See *Alexander*, 2019 IL App (3d) 170168, ¶ 29; *Cross*, 2019 IL App (1st) 162108, ¶¶ 189-202. Significantly, both cases involved sentencing challenges raised on direct appeal rather than for the first time on appeal from the dismissal of a postconviction petition. See *Alexander*, 2019 IL App (3d) 170168, ¶ 1; *Cross*, 2019 IL App (1st) 162108, ¶¶ 1-3.

¶ 58        Defendant also cites *People v. Hollins*, 2021 IL App (4th) 190145-U, as persuasive authority in support of his argument that the trial court's consideration of his void *ab initio* convictions for UUW rendered his sentence for aggravated discharge of a firearm void. In *Hollins*, the court held that, because the defendant's prior conviction for AUUW was void, the defendant's Class X sentence was not statutorily authorized and was consequently void. *Id.* ¶ 53. However, in so holding, the *Hollins* court relied on the void sentence rule, which was abolished in *People v. Castleberry*, 2015 IL 116916, ¶ 19. Moreover, in *Hollins*, the defendant challenged

his sentence on direct appeal rather than for the first time on appeal from the dismissal of a postconviction petition. *Hollins*, 2021 IL App (4th) 190145-U, ¶¶ 29-30.

¶ 59		We conclude that, because defendant's conviction for aggravated discharge of a firearm is not void, defendant is precluded from raising his sentencing challenge for the first time on appeal from the summary dismissal of his postconviction petition. See *Jones*, 213 Ill. 2d at 508.

¶ 60		E. Ineffective Assistance of Counsel

¶ 61		Finally, defendant argues the matter should be remanded for second stage postconviction proceedings because he raised an arguable claim in his *pro se* postconviction petition that his trial counsel was ineffective for failing to investigate French as a witness and for failing to call her to testify. The summary dismissal of a postconviction petition at the first stage of proceedings is reviewed *de novo*. *People v. Boykins*, 2017 IL 121365, ¶ 9.

¶ 62		At the first stage of postconviction proceedings, the circuit court must independently determine whether a petition is frivolous or patently without merit. *Id.*; 725 ILCS 5/122-2.1(a)(2) (West 2020). "The allegations of the petition, taken as true and liberally construed, need only present the gist of a constitutional claim." *People v. Brown*, 236 Ill. 2d 175, 184 (2010). "To be summarily dismissed at the first stage as frivolous or patently without merit, the petition must have no arguable basis either in law or in fact ***." *Boykins*, 2017 IL 121365, ¶ 9.

¶ 63		Under section 122-2 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2 (West 2020)), "[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." Generally, "the failure to either attach the necessary 'affidavits, records, or other evidence' or explain their absence is

- 19 -

'fatal' to a post-conviction petition [citation] and by itself justifies the petition's summary dismissal." *People v. Collins*, 202 Ill. 2d 59, 66 (2002) (quoting *People v. Turner*, 187 Ill. 2d 406, 414 (1999)).

¶ 64        Here, the trial court did not err in summarily dismissing defendant's *pro se* postconviction petition because defendant failed to attach an affidavit from French to his petition or adequately explain its absence. In the petition, defendant stated he was "currently in the process of retrieving" French's affidavit and intended to produce it before the petition was reviewed on its merits. Similarly, in an affidavit attached to the petition, defendant averred he was "in the process of obtaining [French's] affidavit," he was unable to obtain it before the deadline for filing the petition, and he intended to submit it prior to the second stage of postconviction proceedings. However, defendant's statements in the petition and his affidavit merely acknowledged that he had not obtained an affidavit from French and indicated his intent to obtain and submit one later. Defendant did not actually explain why he had not obtained an affidavit from French. See *id.* at 65 ("If such 'affidavits, records, or other evidence' are unavailable, the petition must explain why." (quoting 725 ILCS 5/122-2 (West 2000))).

¶ 65        We reject defendant's argument that other documentation attached to his *pro se* postconviction petition explained why he had not been able to obtain an affidavit from French. Specifically, defendant notes he attached to his petition test results showing he contracted COVID-19 in December 2020 and a copy of his motion for an extension of time to file a postconviction petition. While defendant alleged in the motion for an extension of time to file a postconviction petition that contracting COVID-19 and having limited access to the law library were hindering him from filing his postconviction petition on time, he did not allege in his

- 20 -

postconviction petition or any supporting documentation that these things prevented him from obtaining an affidavit from French.

¶ 66　　　　In reaching our decision, we reject defendant's argument that his explanation for failing to attach an affidavit from French is similar to the one given by the defendant in *People v. Bates*, 2022 IL App (4th) 210106-U. In *Bates*, the defendant appealed the summary dismissal of his postconviction petition, which included a claim that his trial counsel was ineffective for failing to contact or interview an alibi witness. *Id.* ¶ 28. The defendant stated in an affidavit attached to his petition that members of his family went to the residence of the alibi witness in March 2020 to locate her, but they learned she had moved to Chicago. *Id.* ¶ 30. The defendant alleged that, during the pandemic, his prison and the city of Chicago were subject to quarantine and stay-at-home orders, which prevented his family members from traveling to locate his alibi witness and obtain her affidavit. *Id.* The defendant averred that his incarceration prevented him from locating the witnesses himself. *Id.* This court held that the defendant's explanation for the absence of the alibi witness's affidavit was "reasonable and sufficient," noting that section 122-2 of the Act required the defendant to merely " 'state why the [affidavit is] not attached.' " *Id.* ¶ 48 (quoting 725 ILCS 5/122-2 (West 2020)).

¶ 67　　　　In the instant case, unlike in *Bates*, defendant gave no specific reason for why he did not attach an affidavit from French. He merely acknowledged he had not obtained an affidavit and stated he was "in the process" of getting one. Although defendant claimed that COVID-19 restrictions impeded his ability to file his petition on time, he did not explain how the restrictions prevented him from obtaining French's affidavit.

¶ 68　　　　　　　　　　　　III. CONCLUSION

¶ 69        For the reasons stated, we vacate defendant's convictions for UUW in Will County case Nos. 90-CF-1445 and 92-CF-3211, his two convictions for UUWF in Will County case No. 94-CF-2443, and his conviction for AHC in the instant case. We otherwise affirm the judgment of the trial court summarily dismissing defendant's *pro se* postconviction petition.

¶ 70        Affirmed in part and vacated in part.

---

*People v. Matthews*, 2022 IL App (4th) 210752

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Adams County, No. 17-CF-74; the Hon. Amy C. Lannerd, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Kathryn L. Oberer, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Gary L. Farha, State's Attorney, of Quincy (Patrick Delfino, David J. Robinson, and David E. Mannchen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---