NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230345-U

NO. 4-23-0345

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 18, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Boone County |
| BENIGNO ORTIZ, | ) | No. 19CF296 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ryan A. Swift, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's first-stage dismissal of defendant's postconviction petition, finding defendant forfeited his claim.

¶ 2    The trial court summarily dismissed the postconviction petition of defendant, Benigno Ortiz, following his convictions for predatory criminal sexual assault of a child and aggravated criminal sexual abuse. On appeal, defendant argues the court erred by dismissing his petition because it set forth the gist of a claim of ineffective assistance of appellate counsel where counsel unreasonably failed to argue the sufficiency of the evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On April 15, 2021, defendant was convicted of five counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)) and two counts of aggravated

criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)). The trial court sentenced him to an aggregate of 37 years in prison. Defendant appealed to the Second District (appellate court case No. 2-21-0776).

¶ 5    On June 28, 2022, defendant's appellate attorney filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), wherein he asserted he reviewed the issues preserved for review and concluded the appeal presented no meritorious claims. Counsel attached a memorandum to his motion detailing seven potential issues for review, which included the sufficiency of the evidence, and explained why each claim was without merit. Upon defendant's request, the Second District granted counsel's motion to withdraw and allowed defendant to proceed *pro se* because he disagreed with counsel's assessment of his case.

¶ 6    On September 14, 2022, defendant filed a motion to withdraw his appeal in case No. 2-21-0776, asserting he was unable to meet the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) and would pursue his contentions of error through the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). The Second District granted defendant's motion to withdraw the appeal and explained, "To the extent defendant is requesting that we allow him to pursue any issues that could have been raised herein under the [Act], his request is DENIED. Withdrawal of this appeal may result in forfeiture of those claims in proceedings under the Act."

¶ 7    On January 25, 2023, in the trial court, defendant *pro se* filed multiple documents, including a postconviction petition, a motion to sue or defend as a poor person and appoint counsel, a motion for leave to file a successive postconviction petition, an affidavit, and appellate counsel's *Anders* motion and memorandum. The document entitled "Petition for Post-Conviction Relief" includes defendant's name and case number but otherwise appears to be a template and fails to identify his claims for postconviction relief. Defendant's affidavit provides, as follows:

"I don't know what to exactly insert here. But I do know that I was convicted on absolute heresay [*sic*]. I do know that my civil rights have been violated with sentencing and in the manner my case was tried. My lawyer made many errors[.] [O]ne was recommending I not testify, even though I wanted to and was eager to. My wife and many others my lawyer didn't feel he needed to when they were good testimonies againt the plaintiff. There was no investigation by Loves Park P.D.[,] no search for DNA in alledge [*sic*] places of incidents, [and] they did not even question the alleged victim."

¶ 8 On March 20, 2023, the trial court summarily dismissed defendant's petition for failure to assert the gist of a constitutional claim. The court found defendant only made blanket allegations and attempted to frame issues as ineffective assistance of "trial and/or appellate counsel" so that they came within the parameters of the Act and were excised from waiver and *res judicata*. As to defendant's claim that his counsel recommended against him testifying when he wanted to testify, the court noted two instances in the record where the court admonished defendant that it was his choice if he wanted to testify and defendant stated he had a chance to talk to his counsel and made the decision not to testify. The court also found, even if counsel recommended to defendant that he should not testify, it was a matter of trial strategy, along with what evidence to present, whom to call to testify, and what questions to ask.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, defendant's only argument is the trial court erred in summarily dismissing his postconviction petition because it stated the gist of a claim of ineffective assistance of appellate counsel where counsel unreasonably failed to argue the sufficiency of the evidence.

The State contends defendant's argument fails because appellate counsel's representation was truncated by defendant's withdrawal of his appeal. We note the State's assertion relies on its belief the Second District never ruled on appellate counsel's motion to withdraw because the record before this court does not contain (1) a file stamped copy of the motion to withdraw or (2) the Second District's order ruling on the motion. The State's review of the record on appeal is correct; however, we find it appropriate to take judicial notice of the Second District's records from defendant's direct appeal. See *People v. Henderson*, 171 Ill. 2d 124, 134 (1996) ("[C]ourts may take judicial notice of matters which are *** readily verifiable from sources of indisputable accuracy."). The Second District's order confirms it allowed appellate counsel to withdraw *before* defendant requested to withdraw the appeal. Having confirmed defendant voluntarily withdrew his appeal, we now turn to defendant's postconviction petition.

¶ 12        The Act provides a three-stage process for adjudicating postconviction petitions. *People v. Allen*, 2015 IL 113135, ¶ 21. At the first stage, the trial court must independently review the postconviction petition and dismiss it if it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022). "A postconviction petition is frivolous or patently without merit if it has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *People v. Hatter*, 2021 IL 125981, ¶ 23. All well-pled allegations in the petition and supporting affidavits that are not rebutted by the record are to be taken as true. *People v. Robinson*, 2020 IL 123849, ¶ 45. The petitioner is only required to include a limited amount of information and need not present formal legal arguments or citations to legal authority. *Hatter*, 2021 IL 125981, ¶ 24. We review the court's summary dismissal of a postconviction petition *de novo*. *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 61.

¶ 13        At the outset, we must determine whether defendant properly preserved the issue he raised on appeal. A postconviction petitioner may not raise claims on appeal that were not included in the petition filed in the trial court. *People v. Montanez*, 2023 IL 128740, ¶ 88. Here, defendant's affidavit raised issues relating to his trial and sentencing. Specifically, he mentioned hearsay, trial counsel's decision to not call certain witnesses to testify, trial counsel's recommendation to defendant that he should not testify, the lack of investigation by the Loves Park Police Department, the failure to search for DNA evidence, and the failure to question the alleged victim. However, defendant now contends on appeal his postconviction affidavit raised the issue of appellate counsel's failure to challenge the sufficiency of the evidence on direct appeal. Defendant points to the trial court's order to support his interpretation, wherein it found defendant's petition attempted to frame certain issues as ineffective assistance of "trial and/or appellate counsel."

¶ 14        The decision in *People v. Cole*, 2012 IL App (1st) 102499, is instructive. In *Cole*, the defendant's *pro se* postconviction petition alleged his right to due process had been violated when the trial court failed to properly question the venire and the prosecutor engaged in misconduct. *Id.* ¶ 4. The court summarily dismissed the petition, finding the defendant's claim was forfeited because it could have been raised on direct appeal and otherwise was rebutted by the record. *Id.* ¶ 5. On appeal, the defendant argued his petition stated the gist of two claims of ineffective assistance of appellate counsel due to appellate counsel's failure to raise the due process claims on direct appeal. *Id.* ¶ 9. The State argued the defendant was precluded from raising the issue because he did not allege appellate counsel's ineffectiveness in his petition. *Id.* ¶ 10. The defendant asked the court to liberally construe his petition to find it gave rise to an implicit claim of ineffective assistance of appellate counsel. *Id.* ¶ 11. The First District rejected the defendant's

argument that implicit claims of ineffective assistance of appellate counsel fall within the liberal construction mandate for review of *pro se* postconviction petitions. *Id.* ¶¶ 14-15. Thus, the appellate court found the defendant did not properly raise the issue of ineffective assistance of appellate counsel and was precluded from asserting it for the first time on appeal. *Id.* ¶ 16.

¶ 15        In this case, defendant's affidavit claimed trial counsel committed many errors but lacked any allegations directed toward appellate counsel. In setting forth his argument, defendant refers to "my lawyer" in the singular and then outlined the issues related to his trial and sentencing. Although defendant attached appellate counsel's motion to withdraw and the corresponding memorandum, defendant failed to assert any claims regarding appellate counsel in his postconviction claim. Accordingly, similar to the defendant in *Cole*, the contentions in defendant's affidavit do not support a claim of ineffective assistance of appellate counsel, and he forfeited this claim on appeal. *Id.* In defendant's reply brief, he contends the State did not argue that his petition failed to adequately raise the issue, and therefore, the State has effectively conceded the issue. However, even assuming, *arguendo*, the State conceded this issue, we still cannot disregard defendant's forfeiture. Our supreme court has stated, "our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate [forfeiture] caused by the failure of a defendant to include issues in his or her postconviction petition." *People v. Jones*, 213 Ill. 2d 498, 508 (2004). As defendant advances no other argument on appeal, we find the court did not err when it summarily dismissed defendant's postconviction petition.

¶ 16                                III. CONCLUSION

¶ 17        For the reasons stated, we affirm the trial court's judgment.

¶ 18        Affirmed.