*In re* DETENTION OF GREGORY MORRIS (The People of the State of Illinois, Plaintiff-Appellee, v. Gregory Morris, Defendant-Appellant).

Fourth District    No. 4—05—0033

Opinion filed December 7, 2005.

Craig J. Reiser, of Kepner & Reiser, of Springfield, for appellant.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Linda D. Woloshin and Mary A. Fleming, Assistant Attorneys General, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant, Gregory Morris, filed a petition for relief from judgment (735 ILCS 5/2—1401 (West 2000)) following his adjudication as a sexually violent person. The trial court denied the petition, and we affirm.

Defendant was convicted of the aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14) of two different women in 1987 and had a subsequent conviction for aggravated criminal sexual assault (720 ILCS 5/12—14 (West 1992)) in 1994. The 1994 assault occurred while defendant was on parole and attending sex-offender treatment. In May 1999, a jury found defendant was a sexually violent person under the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 through 99 (West 1998)). The circuit court entered judgment on the verdict and committed defendant to the Department of Human Services for institutional care in a secure facility. This court affirmed. *In re Detention of Morris*, No. 4—99—0454 (November 13, 2000) (unpublished under Supreme Court Rule 23).

On May 31, 2001, defendant filed a petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure. 735 ILCS 5/2—1401 (West 2000). The petition was placed in the state facility mailing system on May 26, 2001, but the circuit clerk of Cass County did not file-stamp the petition until May 31, 2001. The trial court dismissed the petition because it was three days late. Following a supervisory order of the supreme court (*In re Detention of Morris*, 201 Ill. 2d 568, 776 N.E.2d 236 (2002) (nonprecedential supervisory order)), this court, with one judge dissenting, reversed the trial court's order and remanded for further proceedings. *In re Detention of Morris*, No. 4—01—0685 (May 1, 2003) (unpublished under Supreme Court Rule 23).

On September 20, 2004, the trial court dismissed defendant's section 2—1401 petition, finding that the petition and supplementary documents "fail[ed] to set forth sufficient fact to constitute grounds for relief pursuant to [section 2—1401]" and finding that the documents failed to sufficiently allege due diligence as required by section 2—1401. Defendant appeals.

"[T]he purpose of a section 2—1401 petition for relief from judgment is to bring before the circuit court facts not appearing in the record which, if known to the court at the time judgment was entered, would have prevented the entry of the judgment." *Beauchamp v. Zimmerman*, 359 Ill. App. 3d 143, 147, 833 N.E.2d 877, 881-82 (2005). To be entitled to relief under section 2—1401, the petitioner must affirmatively set forth specific factual allegations showing each of the

following elements by a preponderance of the evidence: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381, 1386 (1986). A meritorious defense is not enough; petitioner must explain why he did not raise that defense during the trial.

Section 2—1401 is often employed in civil cases involving default judgments. *Smith*, 114 Ill. 2d at 225, 499 N.E.2d at 1388 ("where justice and good conscience may require it a default judgment may be vacated even though the requirement of due diligence has not been satisfied"). Although a section 2—1401 petition is usually characterized as a civil remedy, its remedial powers extend to criminal cases. *People v. Sanchez*, 131 Ill. 2d 417, 420, 546 N.E.2d 574, 576 (1989). "Relief should be granted under section 2—1401 when necessary to achieve justice. To accomplish that goal, the statute is to be construed liberally." *People v. Lawton*, 212 Ill. 2d 285, 298, 818 N.E.2d 326, 334 (2004).

A section 2—1401 petition is subject to a motion to dismiss where it either fails to state a cause of action or shows on its face that the petitioner is not entitled to relief. *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 279-80, 433 N.E.2d 253, 256 (1982). However, a motion to dismiss should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the plaintiff to relief. *Ostendorf*, 89 Ill. 2d at 280, 433 N.E.2d at 256.

"The petition must be supported by affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2—1401(b) (West 2000). Hearings on a section 2—1401 petition are similar to hearings on a motion for summary judgment. *Ostendorf*, 89 Ill. 2d at 286, 433 N.E.2d at 259. A section 2—1401 petition may be decided on the basis of the pleadings, affidavits, and the record of the prior proceedings alone, if no factual dispute is raised. If a disputed factual issue exists material to whether relief is justified, however, an evidentiary hearing is required. *Klein v. LaSalle National Bank*, 155 Ill. 2d 201, 205, 613 N.E.2d 737, 739 (1993). In the present case, the trial court did not summarily dismiss the case but decided it on the merits after considering defendant's affidavits and supplementary documents and concluding no evidentiary hearing was necessary.

The trial court properly rejected the petition. Defendant asserted that the Act was unconstitutional, but that argument has been rejected by the supreme court. *In re Detention of Varner*, 207 Ill. 2d 425, 433, 800 N.E.2d 794, 799 (2003). Defendant asserted the jury violated its

instructions, the State's witnesses repeatedly perjured themselves, and the State presented prejudicial testimony of uncharged offenses. Some of those arguments were made, or could have been made, in the direct appeal, and defendant's affidavits and other materials are not sufficient to show the existence of a meritorious defense or claim.

Defendant asserts his counsel was ineffective in failing to object to certain testimony, to introduce letters and other evidence, to investigate the claims and credentials of the experts, and to expose lies "which are too numerous to list exhaustively here." A defendant committed under the Sexually Dangerous Persons Act (725 ILCS 205/0.01 through 12 (West 2000)) may assert an ineffective-assistance-of-counsel claim under section 2—1401, at least where his trial counsel, who cannot be expected to argue his own ineffectiveness, represented him on the direct appeal. *Lawton*, 212 Ill. 2d at 295-96, 818 N.E.2d at 333. In the present case, defendant was represented by new counsel on his direct appeal. No reason appears why the claims defendant now makes could not have been raised on direct appeal. Also, defendant's affidavits and other materials do not establish that any other action by counsel would have changed the outcome.

For the foregoing reasons, we affirm the trial court's denial of defendant's section 2—1401 petition.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.