# Illinois Official Reports

## Appellate Court

---

### *People v. Gamez*, 2017 IL App (1st) 151630

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE GAMEZ, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-15-1630 |
| Filed | September 19, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 96-CR-16520; the Hon. Mary Margaret Brosnahan, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Rachel M. Kindstrand, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Matthew Connors, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE PUCINSKI delivered the judgment of the court, with opinion.<br>Justices Lavin and Cobbs concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendant, Jose Gamez, appeals from the trial court's denial of his petition for relief from judgment brought pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). In his section 2-1401 petition, the defendant sought to have his 1996 conviction for unlawful use of a weapon (720 ILCS 5/24-1(a)(4) (West 1996)) vacated on the basis that the statute under which he was convicted (1996 UUW statute) was unconstitutional. On appeal, the State concedes that the 1996 UUW statute was, in fact, unconstitutional, and we agree.

¶ 2                              BACKGROUND

¶ 3    In October 1996, the defendant pleaded guilty to unlawful use of a weapon for the knowing possession of a firearm in a vehicle at a time when he was not on his own land or in his own abode or fixed place of business, in violation of 1996 UUW statute. He was sentenced to 15 months' conditional discharge.

¶ 4    In March 2014, the defendant filed his section 2-1401 petition, in which he sought to have his conviction vacated based on the holdings of *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), and *People v. Aguilar*, 2013 IL 112116, which had respectively held the 2010 version of the unlawful use of a weapon statute (720 ILCS 5/24-1(a)(4) (West 2010)) (2010 UUW statute) and the 2008 version of the aggravated unlawful use of a weapon statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)) (2008 AUUW statute) unconstitutional. The State moved to dismiss the defendant's section 2-1401 petition on the basis that the holding in *Aguilar* was limited to "the specific Class 4 version" of the 2008 AUUW statute. Following arguments by the parties, the trial court denied the defendant's section 2-1401 petition, finding that the 1996 UUW statute did not constitute a comprehensive ban on weapons outside the home, as was involved in *Moore*, and that *Aguilar* did not apply because the defendant was not convicted of aggravated unlawful use of a weapon.

¶ 5    The defendant then filed this timely appeal.

¶ 6                               ANALYSIS

¶ 7    On appeal, the defendant argues that the trial court erred in denying his section 2-1401 petition, because, under the reasoning of *Moore* and *Aguilar*, the 1996 UUW statute was unconstitutional. More specifically, the defendant argues that the elements of the offense for which he was convicted were nearly identical to those in *Moore* and *Aguilar*. Therefore, because the courts in *Moore* and *Aguilar* found the statutes at issue in those cases to represent unconstitutional bans on the possession of firearms outside of the home, the 1996 UUW statute was also unconstitutional. The State concedes on appeal that the holdings of *Moore* and *Aguilar* dictate the conclusion that the 1996 UUW statute was unconstitutional and, thus, the defendant's conviction must be vacated.

¶ 8    The purpose of a section 2-1401 petition is to present to the court facts outside the record that, if known at the time that the judgment was entered, would have prevented the entry of judgment. *In re Detention of Morris*, 362 Ill. App. 3d 321, 322 (2005). Section 2-1401 also provides litigants with a vehicle to attack a judgment on voidness grounds. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). Despite typically being characterized

as a civil remedy, section 2-1401 petitions may also be utilized in the criminal context. *Morris*, 362 Ill. App. 3d at 323. Where a section 2-1401 petition is disposed of other than after an evidentiary hearing, our review is *de novo*. *People v. Morfin*, 2012 IL App (1st) 103568, ¶ 30.

¶ 9 In *Moore*, 702 F.3d 933, the Seventh Circuit addressed, among other things, a constitutional challenge to the 2010 UUW statute under which the defendant was convicted. The 2010 UUW statute provided in relevant part as follows:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> * * *
>
> (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a) (4) does not apply to or affect transportation of weapons that meet one of the following conditions:
>
> > (i) are broken down in a non-functioning state; or
> >
> > (ii) are not immediately accessible; or
> >
> > (iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card[.]" 720 ILCS 5/24-1(a)(4) (West 2010).

After discussing the United States Supreme Court's holding in *District of Columbia v. Heller*, 544 U.S. 570, 635 (2008), that the second amendment of the United States Constitution confers "the right of law abiding, responsible citizens to use arms in defense of hearth and home," the Seventh Circuit reasoned that the right to bear arms for self-defense is just as important outside the home as it is inside the home. *Moore*, 702 F.3d at 942. Accordingly, the *Moore* court concluded that statutes that effectively ban the carrying of ready-to-use (loaded, immediately accessible, and uncased) firearms outside the home are unconstitutional restrictions on citizens' second amendment rights. *Id.* Because the 2010 UUW statute was such a ban, the Seventh Circuit held it to be unconstitutional. *Id.*

¶ 10 The following year, the Illinois Supreme Court, in *Aguilar*, followed suit. There, the court addressed the constitutionality of the 2008 AUUW statute, which provided in relevant part:

> "(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
>
> > (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm; [and]
> >
> > ***
> >
> > (3) One of the following factors is present:
> >
> > > (A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense[.]" 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008).

Absent aggravating circumstances, violation of this statute constituted a Class 4 felony. 720 ILCS 5/24-1.6(d) (West 2008). Concluding that this statute amounted to a "comprehensive ban" that "categorically prohibits the possession and use of an operable firearm for self-defense outside the home," the Illinois Supreme Court found the statute, under the

- 3 -

reasoning of *Moore*, to violate the second amendment of the United States Constitution. *Aguilar*, 2013 IL 112116, ¶ 21. Although the court initially limited its holding to the Class 4 form of the offense (*id.* ¶ 22), the Illinois Supreme Court later clarified that the offense of aggravated unlawful use of a weapon, as set forth in the 2008 AUUW statute, was facially unconstitutional, whether classified as a Class 4 felony or otherwise. *People v. Burns*, 2015 IL 117387, ¶ 25.

¶ 11    The defendant here argues that because the 1996 UUW statute under which he was convicted contains the same essential elements as the 2010 UUW statute and the 2008 AUUW statute held unconstitutional in *Moore* and *Aguilar*, it too is unconstitutional. The 1996 UUW statute provided in relevant part:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm[.]" 720 ILCS 5/24-1(a)(4) (West 1996).

Aside from the fact that the 2010 UUW statute contains additional exceptions for the transportation of firearms under certain circumstances and the 2008 AUUW statute requires the State to prove that the firearm was uncased, loaded, and immediately accessible, these statutes are nearly identical to the 1996 UUW statute under which the defendant was convicted. In fact, given that the 2010 UUW statute includes additional exceptions and the 2008 AUUW statute requires proof of an aggravating factor, the 1996 UUW statute represents an even wider ban on the possession of firearms outside of the home than the other two statutes. Accordingly, it necessarily follows that if the statutes in *Moore* and *Aguilar* violated the second amendment because they were too comprehensive of bans, then the 1996 UUW statute—which is even broader—must also violate the second amendment.

¶ 12    Because we conclude that the statute under which the defendant was convicted is unconstitutional and thus void *ab initio*, the defendant's conviction must be vacated. *People v. McFadden*, 2016 IL 117424, ¶ 20.

¶ 13                                   CONCLUSION

¶ 14    For the foregoing reasons, we conclude that the defendant's conviction and sentence for unlawful possession of a weapon under section 24-1 (720 ILCS 5/24-1(a)(4) (West 1996)) must be vacated because said statute is facially unconstitutional.

¶ 15    Reversed.