2025 IL App (1st) 240263-U

No. 1-24-0263

Order filed June 6, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 216003995 |
| | ) | |
| XZAVIAN ANDERSON, | ) | Honorable Erin Haggerty Antonietti, |
| | ) | Judge, Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE NAVARRO delivered the judgment of the court.
Justices Oden Johnson and Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Defendant's misdemeanor conviction for unlawful use of a weapon
is affirmed over his contention that his conviction is void *ab initio*;
affirmed.

¶ 2    On December 8, 2023, defendant, Xzavian Anderson, pled guilty to misdemeanor

unlawful use of a weapon (UUW) (720 ILCS 5/24-1 (a)(4) (West 2020)). Anderson did not file a

motion with the circuit court to withdraw his guilty plea, but he filed a notice of appeal in this

court. He argues his conviction is void *ab initio* because the UUW statute under which he was

convicted has been found to be facially unconstitutional under the second amendment of the United

States Constitution (U.S. Const., amend. II). For the following reasons, we affirm.

¶ 3                              I. BACKGROUND

¶ 4        In December 2021, Anderson was charged with five offenses, including misdemeanor UUW and four traffic offenses. The misdemeanor complaint stated that Anderson committed UUW on November 26, 2021, in violation of 720 ILCS 5/24-1(a)(4), in that he "[k]nowingly carried on his person a pistol at a time when he was not on his own land, or in his own abode, or fixed place of business."

¶ 5        On December 8, 2023, the circuit court held an Illinois Supreme Court Rule 402 (eff. July 1, 2012) conference. Following the conference, Anderson pled guilty to UUW, and the State dismissed with leave to reinstate the other four counts. At the hearing on the guilty plea, the court told Anderson that,

> "[Y]ou've been charged with the offense of unlawful use of a weapon in that on November 26, 2021 within Cook County, Illinois, you committed the offense of unlawful use of a weapon in that you knowingly carried on your person a pistol at a time when you were not on your own land or in your own abode or fixed place of business."

Anderson stated that he understood the charge and was pleading guilty.

¶ 6        As for the factual basis of the plea, the State told the court that it "stipulates there's a factual basis to support the plea." Defense counsel responded, "So stipulated, your Honor." The court then found that Anderson understood the nature of the charge against him as well as the possibility penalties, his plea was given freely and voluntarily, and a factual basis existed for the plea. The court accepted the plea, entered a guilty finding on the charge of UUW, and sentenced Anderson to 18 months of conditional discharge, with an order to "confiscate and destroy weapon" and the requirement that he perform 30 hours of community service in the Sheriff's Work Alternative Program.

¶ 7     Anderson did not file a motion with the circuit court to withdraw his guilty plea. This appeal follows.

¶ 8                                   II. ANALYSIS

¶ 9     Anderson contends his conviction for misdemeanor UUW is void *ab initio* because the statute under which he was convicted has been found to be facially unconstitutional. He argues he was charged with and convicted of "simple gun possession" under section 24-1(a)(4) of the UUW statute, which has been found unconstitutional in violation of the second amendment of the United States Constitution (U.S. Const., amend. II), as it is a "sweeping ban on the possession of a ready-to-use firearm outside one's home."

¶ 10    Initially, we note that, generally, under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), "before a defendant may appeal from a judgment on a plea of guilty," the defendant must first "file a written motion in the circuit court within 30 days of the date on which sentence is imposed." *People v. Flowers*, 208 Ill. 2d 291, 300 (2003). "[T]he failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits." *Id.* However, "[a] defendant may argue that a criminal statute is unconstitutional, and void *ab initio*, at any time." *People v. Guevara*, 216 Ill. 2d 533, 542 (2005)."Further, a guilty plea does not preclude a defendant from arguing on appeal that he was sentenced under a statute that was facially unconstitutional and void *ab initio*." *Id.* at 542-43. "This is because '[w]hen a statute is declared facially unconstitutional and void *ab initio*, it means that the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable.' " *People v. Huff*, 2025 IL App (4th) 240762, ¶ 12, *pet. for leave to appeal pending*, No. 131792 (filed May 5, 2025) (quoting *People v. Thompson*, 2015 IL 118151, ¶ 32). Further, when a judgment is based on a facially unconstitutional statute, the judgment is void. *In re N.G.*, 2018 IL 121939, ¶ 43.

¶ 11    Accordingly, here, even though Anderson did not file a motion to withdraw his guilty plea, he is not barred from raising his challenge that his UUW conviction is void *ab initio* because it is based on a statute that has been found facially unconstitutional. See *Huff,* 2025 IL App (4th) 240762, ¶¶ 12-13 (concluding that the defendant's "failure to comply with Rule 604(d) does not bar him from raising his facial constitutional challenge on direct appeal"). We review *de novo* the question of whether a statute is unconstitutional, as it is a question of law. *People v. Chairez*, 2018 IL 121417, ¶ 15.

¶ 12    Anderson argues that the section of the UUW statute under which he was convicted has been found facially unconstitutional in violation of the second amendment to the United States Constitution (U.S. Const., amend. II). He contends he was charged with and convicted of "simple gun possession" under section 24-1(a)(4) of the UUW statute, which has been found unconstitutional in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) and *People v. Gamez*, 2017 IL App (1st) 151630, ¶ 14.

¶ 13    In 2012, in *Moore v. Madigan*, 702 F.3d 933, 936 (2012), the seventh circuit concluded that the "right to bear arms" in the second amendment "implies a right to carry a loaded gun outside the home." The court explained that "[t]he [United States] Supreme Court has decided that the [second] amendment confers a right to bear arms for self-defense, which is as important outside the home as inside." *Id.* at 942.

¶ 14    In *Moore*, the seventh circuit considered challenges to, among others, section 24-1(a)(4) of the UUW statute, which prohibited, with some exceptions, a person from carrying a ready to use gun (loaded, immediately accessible, and uncased), outside the home. *Moore*, 702 F.3d at 934-35, 942; *Gamez*, 2017 IL App (1st) 151630, ¶ 9. Section 24-1(a)(4) of the UUW statute at that time stated:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

***

(4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a) (4) does not apply to or affect transportation of weapons that meet one of the following conditions:

(i) are broken down in a non-functioning state; or

(ii) are not immediately accessible; or

(iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card[.]" See *id.* (quoting 720 ILCS 5/24-1(a)(4) (West 2010)).

The seventh circuit in *Moore* found that section 24-1(a)(4) was a "flat ban on carrying ready-to-use guns outside the home." *Moore*, 702 F.3d at 940, 942. The court therefore concluded that the statute was unconstitutional in violation of the second amendment's right to bear arms for self-defense outside the home. *Id.* at 942.

¶ 15    In *People v. Aguilar*, our supreme court agreed with *Moore* and concluded that the class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d), of the aggravated unlawful use of a weapon statute, which also prohibited a person from carrying a ready-to-use gun, outside the home was unconstitutional, as it was a " 'flat ban on carrying ready-to-use guns outside the home.' " 2013 IL 112116, ¶¶ 18-20 (quoting *Moore*, 702 F.3d at 940). In *Gamez*, this court found that under *Moore*

and *Aguilar*, section 24-1(a)(4) of the 1996 UUW statute was facially unconstitutional under the second amendment. 2017 IL App (1st) 151630, ¶ 11.

¶ 16    In 2013, following the decision in *Moore*, the legislature enacted the Firearms Concealed Carry Act (CCA) (430 ILCS 66/10, *et seq.*). *Shepard v. Madigan*, 734 F.3d 748, 749 (2013). The seventh circuit explained that "[c]onsistent with our decision in the *Moore* case, the new statute authorizes the issuance of licenses for carrying guns outside the home, *** but imposes a number of restrictions (more precisely, authorizes denial of a license on a number of grounds)." *Id*.

¶ 17    Thereafter, effective July 10, 2015, the legislature enacted Public Act 99-29, which amended section 24-1(a)(4) of the UUW statute, as relevant here, by adding the concealed carry exception in in subsection (a)(4)(iv) reflecting the enactment of the CCA. Pub. Act 99-29 (eff. July 10, 2015) (amending 720 ILCS 5/24-1(a)(4)). See *People v. Harvey*, 2024 IL 129357, ¶ 13 (referring to the same condition in section 24-1(a)(10)(iv) as the "concealed carry exception"). The amendment provided that subsection (a)(4) "does not apply to or affect transportation of weapons that, *** are carried or possessed in accordance with the Firearm Concealed Carry Act by a person who has been issued a currently valid license under the Firearm Concealed Carry Act[.]" 720 ILCS 5/24-1(a)(4)(iv) (West 2020). Accordingly, the version of the UUW statute in effect after the amendment "excepts from its reach those who have a valid license under the Firearm Concealed Carry Act." *People v. Green*, 2018 IL App (1st) 143874, ¶ 25 (citing 720 ILCS 5/24-1(a)(4)(iv) (West 2016)).

¶ 18    Turning back to the instant case, Anderson argues that he pled guilty to and was convicted under section 24-1(a)(4) of the UUW statute that *Moore* and *Gamez* found

unconstitutional in violation of the second amendment for being a flat ban on carrying a ready-to-use handgun for self-defense outside the home.

¶ 19    There is nothing in the record to show that Anderson was charged with and pled guilty to the previous versions of the UUW statute that *Moore* and *Gamez* found unconstitutional. Rather, as previously indicated, following the *Moore* decision, the legislature amended the UUW statute, effective July 10, 2015, by adding the concealed carry exception in subsection (a)(4)(iv), as provided above. See Public Act 99-29 (eff. July 10, 2015) (amending 720 ILCS 5/24-1(a)(4)). Anderson was charged with UUW in 2021 and pled guilty in 2023, when the amended UUW statute was in effect. In fact, Anderson acknowledges the misdemeanor complaint cited the amended statute, as he stated in his reply brief that, "while Anderson's indictment cited to the post-amendment statute, it did not name one of the enumerated amendments-either on paper or in court."

¶ 20    As previously discussed, the amended statute added the concealed carry exception and provides that subsection (a)(4) does not apply to weapons that "are carried or possessed in accordance with the Firearm Concealed Carry Act by a person who has been issued a currently valid license under the Firearm Concealed Carry Act." 720 ILCS 5/24-1(a)(4)(iv) (West 2020). Anderson does not argue that the amended section 24-1(a)(4) of the UUW statute, which added the concealed carry exception under subsection (a)(4)(iv), is unconstitutional under the second amendment. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Accordingly, in 2023, Anderson pled guilty to and was convicted of the amended section 24-1(a)(4) of the UUW statute, and we disagree with his contention that he was convicted under the previous versions of the statute that were found facially unconstitutional in *Moore* and *Gamez*. *Gamez*, 2017 IL App

(1st) 151630, ¶ 11; *Moore*, 702 F.3d at 935-36, 942. Anderson's conviction for UUW under section 24-1(a)(4) of the UUW statute is therefore not void *ab initio*.

¶ 21    Anderson asserts that the factual basis for the plea was discussed during the Rule 402 conference off-record but was not read into the record at the plea hearing. The record shows that Anderson pled guilty after the parties and the court participated in a Rule 402 conference. At the plea hearing, the State did not present a factual basis for the plea, and the parties stipulated that there was a factual basis to support the plea.

¶ 22    Under Rule 402(c), "[t]he court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." Ill. S. Ct. R. 402(c) (eff July 1, 2012)."The factual basis for a guilty plea generally consists of either an express admission by the accused that he committed the acts alleged in the indictment or a recital of the evidence to the court that supports the allegations in the indictment." *People v. Brazee*, 316 Ill. App. 3d 1230, 1236 (2000). However, Rule 402(c) is satisfied "if there is a basis anywhere in the record up to the entry of the final judgment from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which he is pleading guilty." *People v. Vinson*, 287 Ill. App. 3d 819, 821 (1997). Further, the "factual basis requirement set forth in Supreme Court Rule 402(c) *** may not be based upon a stipulation between the attorneys." *People v. Allen*, 323 Ill. App. 3d 312, 316-17 (2001) (citing *People v. Williams*, 299 Ill. App. 3d 791, 793-94 (1998)). Our supreme court has explained that, "[t]he means of inquiry utilized by the trial court shall be determined on a case-by-case basis." *People v. Nyberg*, 64 Ill. 2d 210, 214 (1976).

¶ 23    Here, Anderson did not file a motion to withdraw his guilty plea with the circuit court challenging the factual basis of the plea. As previously noted, under Rule 604(d), "before a

defendant may appeal from a judgment on a plea of guilty," the defendant must first "file a written motion in the circuit court within 30 days of the date on which sentence is imposed" (*Flowers*, 208 Ill. 2d at 300), and "[u]pon appeal any issue not raised by the defendant in the motion to *** withdraw the guilty plea and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Our supreme court has stated that, "Rule 604(d) is unmistakably clear: Any issue not raised in a posttrial motion is 'waived' on appeal." *People v. Ratliff*, 2024 IL 129356, ¶ 26. As such, to the extent Anderson is arguing that the court did not comply with Rule 402(c) when it determined there was a factual basis to support the plea following the Rule 402 conference, his argument is waived for failing to file a motion to withdraw his guilty plea. See *Williams*, 299 Ill. App. 3d at 795 (finding the defendant waived on appeal his contention that the trial court erred when it permitted a stipulation to serve as the factual basis because the defendant failed to raise the issue as a ground in his motion to vacate his guilty plea).

¶ 24 Anderson also asserts the record shows he was convicted under the unconstitutional language of the statute, which alleged he violated the law for "simply having a gun outside of his home." He asserts that the misdemeanor complaint states that he committed UUW "in that he [k]nowingly carried on his person a pistol at a time when he was not on his own land, or in his own abode, or fixed place of business." However, as previously noted, Anderson was charged with UUW in 2021, when the amended section 24-1(a)(4) of the UUW statute with the concealed carry exception was in effect, and he acknowledges that the complaint "cited to the post-amendment statute." He does not argue that the amended statute is unconstitutional and does not direct us to any authority that has found the amended statute unconstitutional. We note that Anderson appears to take issue with the language of the misdemeanor complaint when he states that the misdemeanor complaint "cited to the post-amendment statute," but "did not name one of the enumerated

amendments-either on paper or in court." However, Anderson has not raised any argument challenging the sufficiency of the misdemeanor complaint, and, as previously discussed, he did not file a motion to withdraw his guilty plea raising that issue.

¶ 25                                    III. CONCLUSION

¶ 26        For the foregoing reasons, we affirm the circuit court's judgment.

¶ 27        Affirmed.