2026 IL App (1st) 241867-U

No. 1-24-1867

Order filed March 27, 2026

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2024CR0044701 |
| | ) | |
| MATTHEW MOSLEY, | ) | Honorable |
| | ) | Shelley Sutker-Dermer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WILSON delivered the judgment of the court.
Justices Mikva and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The unlawful use or possession of a weapon by a felon statute is not facially unconstitutional. To the extent that defendant challenges the postplea admonishments pertaining to his underlying guilty plea, the appeal is dismissed.

¶ 2    On May 14, 2024, pursuant to a negotiated plea agreement, defendant Matthew Mosley

pled guilty to one count of unlawful use or possession of a weapon by a felon (UUWF) in exchange

for a sentence of two years in prison and six months of mandatory supervised release (MSR).

Defendant did not file a motion to withdraw his guilty plea as required by Illinois Supreme Court

Rule 604(d) (eff. Apr. 15, 2024), but did file a *pro se* motion for leave to file a late notice of appeal on September 19, 2024, which this court allowed on September 25, 2024.

¶ 3　　On appeal, defendant argues that this court should reverse his conviction outright because the UUWF statute violates the Second Amendment under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). He also argues that the trial court's postplea admonishments failed to substantially comply with Illinois Supreme Court Rule 605(c) (eff. Sept. 18, 2023) and requests remand for proper admonishments and an opportunity to file a motion to withdraw his guilty plea. For the following reasons, we reject defendant's constitutional challenge and, to the extent that he challenges the postplea admonishments pertaining to his underlying guilty plea, we dismiss the appeal.

¶ 4　　Defendant was charged with UUWF (count I) and aggravated unlawful use of a weapon (counts II and III).

¶ 5　　On May 14, 2024, while represented by counsel, defendant entered a negotiated plea of guilty to one count of UUWF (720 ILCS 5/24-1.1(a) (West 2022)), downgraded from a Class 2 felony to a Class 3 felony, in exchange for two years in prison and six months of MSR. The State nol-prossed the remaining counts.

¶ 6　　The factual basis for the plea provided that on December 23, 2023, while police officers conducted a traffic stop of defendant's vehicle, they smelled a strong odor of cannabis and observed a blunt on the vehicle's center console. The officers searched the vehicle and discovered a loaded firearm under the driver's seat. Defendant, who did not have a valid Firearm Owners Identification card or a concealed carry license, had a prior felony conviction for aggravated battery causing great bodily harm.

¶ 7    The court found that defendant knowingly and voluntarily pled guilty. The court accepted the plea, entered judgment, and sentenced defendant according to the plea agreement. The court then admonished defendant as follows:

"THE COURT: And I will inform you that you have the right to appeal this. Before you can do that you must file a motion to vacate or take back this plea or a motion for this Court to reconsider the sentence.

It must be filed within 30 days of today's date, and it has to be in writing, and it has to say why you're asking me to allow you to withdraw the plea of guilty or reconsider the sentence. Any reason not set forth in that motion cannot later be used as a grounds for appeal.

If you do not have the funds to hire a lawyer to assist you, one will be appointed at no cost to you, and a copy of this transcript will be provided, again, at no cost.

If your motion is granted, the plea, the judgment, and the sentence would be vacated, and a trial date would be set. All the charges that have been dismissed would be reinstated.

Do you understand that.

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any questions about anything that's occurred here today?

THE DEFENDANT: Yes. I got one. It's two years?

THE COURT: It's two years Illinois Department of Corrections. You will serve one year, but you will get credit for 191 days.

THE DEFENDANT: Okay. I understand."

¶ 8    On June 25, 2024, according to a certificate of service, defendant mailed a *pro se* motion for trial transcripts and common law records, and to proceed *in forma pauperis*, which the court stamped filed on June 28, 2024. The court ordered the transcripts and allowed defendant's motion to proceed *in forma pauperis*.

¶ 9    On July 12, 2024, according to a certificate of service, defendant mailed a *pro se* motion to correct the mittimus to show, allegedly pursuant to his plea agreement, that no MSR applied. On August 14, 2024, the court denied the motion, explaining that the transcript indicated the court admonished defendant twice that MSR of six months would be imposed. Defendant then filed a motion for audio and video recordings of his plea, which the court denied on August 30, 2024.

¶ 10    On September 19, 2024, defendant filed a *pro se* motion for leave to file a late notice of appeal from his plea. On September 25, 2024, this court granted the motion and appointed counsel.

¶ 11    On appeal, defendant argues that this court should reverse his conviction outright because the UUWF statute underlying his conviction violates the Second Amendment. Additionally, he argues that the trial court's postplea admonishments were deficient and requests remand for proper admonishments and an opportunity to file a motion to withdraw his guilty plea.

¶ 12    As a threshold matter, defendant, as previously noted, did not file a motion to withdraw his guilty plea. Generally, "before a defendant may appeal from a judgment on a plea of guilty, he must file a written motion in the circuit court within 30 days of the date on which sentence is imposed." *People v. Flowers*, 208 Ill. 2d 291, 300 (2003); see also Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023). Typically, "the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits." *Flowers*, 208 Ill. 2d at 301.

¶ 13    In this situation, however, certain considerations allow this court to reach the merits of defendant's constitutional challenge. First, a defendant may argue "that a criminal statute is unconstitutional, and void *ab initio,* at any time," such that a guilty plea does not prevent a defendant from arguing for the first time on appeal that a statute is facially unconstitutional and void *ab initio*. *People v. Guevara*, 216 Ill. 2d 533, 542-43 (2005). Further, "a judgment based on a statute that is facially unconstitutional is void," and challenges based on a void statute are "not subject to forfeiture" or "any other ordinary procedural bar." *In re N.G.*, 2018 IL 121939, ¶¶ 43, 57.

¶ 14    Consequently, while defendant did not file a motion to withdraw his guilty plea, he may appeal on the basis that the provision of the statute he was convicted under is void *ab initio* and facially unconstitutional. See *People v. Huff*, 2025 IL App (4th) 240762, ¶¶ 12-13 (failure to file a motion to withdraw guilty plea did not bar defendant from raising a facial constitutional challenge on direct appeal); see also *People v. Johnson*, 2025 IL App (1st) 240159-U; *People v. Anderson*, 2025 IL App (1st) 240263-U; *People v. Richardson*, 2024 IL App (1st) 221508-U; *People v. Allison*, 2024 IL App (1st) 230395-U.

¶ 15    All statutes carry a strong presumption of constitutionality and the party challenging the statute must clearly establish its invalidity to overcome this presumption. *People v. Mosley*, 2015 IL 115872, ¶ 22. "Courts have a duty to uphold the constitutionality of a statute whenever reasonably possible, resolving any doubts in favor of the statute's validity." *People v. Rizzo*, 2016 IL 118599, ¶ 23. A facially unconstitutional statute is void *ab initio*, and therefore unenforceable. *People v. Thompson*, 2015 IL 118151, ¶ 32. A facial challenge to a statute is the most difficult challenge to raise as it requires the defendant to show that the statute is unconstitutional under any

set of facts. *Id.* ¶ 14. We review the constitutionality of a statute *de novo*. *People v. Aguilar*, 2013 IL 112116, ¶ 15.

¶ 16    The second amendment of the United States Constitution provides that "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

¶ 17    The United States Supreme Court in *Bruen* analyzed the constitutionality of a New York law mandating individuals to prove that "proper cause exists" to secure a license to carry a firearm outside the home. *Bruen*, 597 U.S. at 12. In conducting its review, the Court set forth a new framework to evaluate Second Amendment claims. Under the *Bruen* test, a court must first determine whether "the Second Amendment's plain text covers the individual's conduct." *Id.* at 17. If the court finds that the plain text covers regulated conduct, then "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*

¶ 18    Under the challenged UUWF statute, "[i]t is unlawful for a person to knowingly possess on or about his person *** any firearm or any firearm ammunition if he has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24-1.1(a) (West 2022).

¶ 19    Defendant argues that the UUWF statute is facially unconstitutional because he is a member of "the people" as used by the plain text of the Second Amendment. He contends that the relevant inquiry should consider an individual's conduct and not an individual's status, such as being a felon or "law-abiding citizen." He also contends that the State cannot show any historical analogue for a permanent ban on possession of firearms by felons.

¶ 20 Illinois decisions have repeatedly rejected facial challenges to the UUWF statute under *Bruen*. Some decisions reject a facial challenge under the first step of *Bruen*, finding the Second Amendment does not protect a felon's possession of a firearm. See *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37 (*Bruen* "could not have been more clear" that it "applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons"); *People v. Johnson*, 2024 IL App (1st) 231155, ¶ 24 ("this court has—repeatedly and without exception— concluded that the second amendment permits Illinois to disarm felons"). Other decisions find the possession of a firearm protected conduct and proceed to the second step of the *Bruen* analysis, concluding that the statute is facially constitutional because our country has a historical tradition of disarming felons. See *People v. Brooks*, 2023 IL App (1st) 200435, ¶¶ 90-98 (noting a historical tradition of legislatures imposing status-based restrictions on persons "who, based on their past conduct, were presumed unwilling to obey the law"); see also *People v. Travis*, 2024 IL App (3d) 230113, ¶ 33 (finding "a history and tradition dating back to the founding era of identifying dangerous individuals and disarming them"). In any event, this court has uniformly found the UUWF statute facially constitutional and we will not depart from those holdings.

¶ 21 Defendant contends that historical predecessors do not provide a proper analogue for the permanent disarmament of felons, but this court has also found that felons are not permanently banned from firearm possession. See *People v. Boss*, 2025 IL App (1st) 221855, ¶ 36 ("the UUWF statute references exceptions to the felony ban that are available under the Firearm Owners Identification Card Act"). Defendant has not advanced any basis for this court to depart from precedent already rejecting his contentions on appeal. Accordingly, we find the UUWF statute facially constitutional.

¶ 22    Defendant next argues that the trial court's postplea admonishments did not substantially comply with Rule 605(c), which excused his failure to file a motion to withdraw his guilty plea before filing a notice of appeal. He requests remand for proper admonishments and further postplea proceedings.

¶ 23    Under Rule 604(d), before a defendant may appeal a judgment entered upon a guilty plea, the defendant must first file a written motion with the trial court within 30 days of the date the court imposed sentence. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024); *Flowers*, 208 Ill. 2d at 300. Where a defendant seeks to challenge the plea, he must file a motion to withdraw the guilty plea and vacate the judgment. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). Filing a Rule 604(d) motion is a "condition precedent to an appeal from a judgment on a plea of guilty" and failure to do so will generally result in dismissal of the appeal. *Flowers*, 208 Ill. 2d at 300.

¶ 24    However, dismissing an appeal would violate due process if the defendant was not aware that filing a Rule 604(d) motion was required. *Id.* at 301. Therefore, Rule 605 requires that, at the time of sentencing, the trial court advise a defendant of the procedural steps that Rule 604(d) requires. *Id.* Relevant here is Rule 605(c), which sets forth the admonitions to be provided upon a negotiated guilty plea. Ill. S. Ct. R. 605(c) (eff. Sept. 18, 2023).

¶ 25    Rule 605(c) admonitions are a "mandatory and a necessary antecedent to the defendant's compliance with the written-motion requirement" of Rule 604(d). *People v. Lloyd*, 338 Ill. App. 3d 379, 384 (2003). A defendant therefore may be excused from failing to comply with Rule 604(d) under the "admonition exception" if the trial court did not give proper admonishments under Rule 605(c) regarding the procedural steps necessary to properly preserve the right to appeal following a negotiated guilty plea. *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 17. Where a court

fails to comply with the admonishment requirements of Rule 605(c) and the defendant subsequently attempts to appeal without first filing the required Rule 604(d) motion, the proper recourse is to remand the case to the trial court for strict compliance with Rule 604(d). *Flowers*, 208 Ill. 2d at 300-01.

¶ 26     Rule 605(c) provides that upon a negotiated guilty plea, at the time of sentencing, the trial court shall advise the defendant substantially as follows:

> "(1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
>
> (3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
>
> (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;
>
> (5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Sept. 18, 2023).

¶ 27    Rule 605(c) admonitions are reviewed for substantial compliance. *People v. Dominguez*, 2012 IL 111336, ¶¶ 17-19. A court need not read the rule verbatim to satisfy the substantial compliance standard. *Id.* ¶ 22. Instead, the court must convey the rule's " 'essence,' as opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. Where, as here, the issue is whether the trial court complied with Rule 605(c), our review is *de novo* and limited to that issue. *Lloyd*, 338 Ill. App. 3d at 384.

¶ 28    First, defendant challenges the court's compliance with Rule 605(c)(2), arguing the court did not properly admonish him that a written motion to withdraw his guilty plea was necessary prior to filing an appeal.

¶ 29    Here, the court admonished defendant that he had "the right to appeal this" and "[b]efore you can do that you must file a motion to vacate or take back this plea or a motion for this Court to reconsider the sentence," which "must be filed within 30 days of today's date" and "has to say why you're asking me to allow you to withdraw the plea of guilty or reconsider the sentence." Defendant confirmed that he understood the admonishments, and he did not ask any questions about the postplea process when given the opportunity. The court's admonishments substantially complied with Rule 605(c)(2), as it informed defendant that he was required to file a motion to withdraw his plea before he could appeal, and the procedures required to appeal. See *People v. Claudin*, 369 Ill. App. 3d 532, 533-34 (2006).

¶ 30    Nevertheless, defendant contends that the court failed to substantially comply with the required admonishments because it reiterated the incorrect proposition that defendant could file either a motion to withdraw the plea or a motion to reconsider sentence. Defendant notes that, contrary to the court's admonishments, filing a motion to reconsider his sentence could not preserve his right to appeal following a negotiated plea.

¶ 31    While defendant is correct that filing a motion to reconsider his sentence could not preserve his right to appeal (*People v. Johnson*, 2019 IL 122956, ¶ 26), the court still conveyed the essence of Rule 605(c)(2) and informed defendant that he must file a motion to vacate his plea before filing an appeal. As noted, defendant confirmed his understanding. The trial court therefore substantially complied with the admonishments under Rule 605(c)(2). See *Claudin*, 369 Ill. App. 3d at 533-34 (reversal not necessary where the court admonished that the defendant "must first file a motion to withdraw your plea of guilty, modify or reconsider the sentence"; the substance of the admonishment was conveyed and the defendant indicated his understanding of the prerequisites to appeal his plea).

¶ 32    Relatedly, defendant contends that although his four postplea motions were not those required by Rule 604(d) to preserve his right to appeal, the motions "demonstrate that he was attempting" to comply with the court's directives. He asserts that his motion to correct the mittimus is akin to a motion to reconsider sentence and shows his compliance with the court's admonishments as given.

¶ 33    Here, the trial court admonished defendant that his postplea motion "must be filed within 30 days" of the plea hearing on May 14, 2024. Defendant mailed his postplea motions for trial transcripts and common law records and to proceed *in forma pauperis* on June 25, 2024, and they

were stamped filed on June 28, 2024. He mailed his motion to correct the mittimus on July 12, 2024, and it was stamped filed on July 22, 2024. Defendant untimely filed his postplea motions after June 13, 2024, the 30th day from sentencing on May 14, 2024. See Ill. S. Ct. R. 605(c)(2) (eff. Apr. 15, 2024) (the written motion seeking to vacate the judgment and withdraw the guilty plea must be filed within 30 days from sentencing). Thus, irrespective of content, defendant's postplea motions do not show an attempt to comply with the court's admonishments.

¶ 34    Second, defendant challenges the trial court's compliance with Rule 605(c)(5), arguing that the admonishments did not clearly convey that counsel was available to assist him with preparing the postplea motions.

¶ 35    Here, the trial court admonished defendant that "[i]f you do not have the funds to hire a lawyer to assist you, one will be appointed at no cost to you, and a copy of this transcript will be provided, again, at no cost." These admonishments generally informed defendant that an attorney would be available to assist him postplea. See *Dominguez*, 2012 IL 111336, ¶ 51 (finding the trial court's general oral admonishments "reflect[ing] that a court-appointed attorney would be available for defendant" were sufficient to comply with Rule 605(c)); *People v. Dunn*, 342 Ill. App. 3d 872, 882 (2003) (admonishment that "[i]f you couldn't afford an attorney or copy of the transcript, those will be provided for you free of charge" reflected that a court-appointed attorney would be available and conveyed the substance of the rule). We find the trial court substantially complied with the substance of Rule 605(c)(5) and informed defendant of his right to counsel postplea.

¶ 36    Nevertheless, defendant maintains that the trial court failed to adequately inform him that he had the right to counsel specifically to assist in the preparation of the required motion to

withdraw his guilty plea. Defendant relies on *People v. Blackmon*, 2024 IL App (1st) 220586. In *Blackmon*, the trial court admonished the defendant that "[i]f you are indigent and cannot afford an attorney or transcript, both will be provided to you at no cost *to help with the appeal process*." (Emphasis in original.). *Id.* ¶ 9. This court found the admonishments improper as they connected the appointment of counsel with the appeal process "specifically and exclusively." *Id.* ¶ 11. Unlike *Blackmon*, no such connection limiting the appointment of counsel to the appeal process was made here. Rather, the court admonished that if defendant lacked funds to "hire a lawyer to assist you, one will be appointed at no cost to you." Thus, the court substantially complied with Rule 605(c)(5) by indicating that counsel would be available to assist defendant postplea without limiting the appointment of counsel only to assist in filing an appeal.

¶ 37     Defendant nonetheless contends that the trial court's admonishments implicate due process and whether he understood his right to counsel "in a meaningful and practical way" because the court did not admonish that counsel was available specifically to assist in filing postplea motions. *Id.* ¶ 12. Defendant asserts his four *pro se* postplea filings show that he was unaware of his right to counsel and "demonstrate his commitment to exercising his post-plea rights." He also points to his *pro se* motion for leave to file a late notice of appeal, where he identified the filing as *pro se* and requested "counsel be appointed." However, as explained, the trial court need not explicitly and verbatim admonish that appointed counsel would be available to assist in filing the postplea motion to withdraw the guilty plea in order for the court to substantially comply with Rule 605(c)(5). See *Dunn*, 342 Ill. App. 3d at 882 (the court's admonishments were not required to specify that counsel was available to draft postplea motions).

¶ 38    In conclusion, the trial court's admonishments substantially complied with Rule 605(c) and defendant's failure to file the required Rule 604(d) motion is not excused. Accordingly, we must dismiss defendant's appeal as it pertains to the postplea admonishments. See *Flowers*, 208 Ill. 2d at 301 (instructing that "[w]here a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence," this court "must dismiss the appeal").

¶ 39    For the foregoing reasons, the UUWF statute is not facially unconstitutional. To the extent that defendant challenges the trial court's postplea admonishments, we dismiss the appeal.

¶ 40    Dismissed.